IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAYMOND SETZKE                                                                                      PLAINTIFF

v.                               Civil No. 07-5186

LARRY NORRIS, Director, Arkansas
Department of Correction; WARDEN,
GRIMES UNIT, Arkansas Department
of Correction; JANE DOE, Working Release in
2004, in the Grimes Unit; ARKANSAS
CRIME INFORMATION CENTER (ACIC);
RON DOE, Supervisor, Offender Registry, ACIC                           DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Raymond Setzke, is currently an inmate in the Benton County Detention Center, Bentonville, Arkansas. He submitted a complaint for filing in this district pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The complaint was provisionally filed subject to a later determination of whether the complaint should be served.

## **Background**

Setzke names as defendants the following: Larry Norris, the Director of the Arkansas Department of Correction, Pine Bluff, Arkansas; the individual who was the Warden of the Grimes Unit of the Arkansas Department of Correction in Newport, Arkansas, in 2004; Jane Doe, an unknown woman working in the front office of the Grimes Unit of the Arkansas Department of Correction in 2004; the Arkansas Crime Information Center (ACIC), Little Rock, Arkansas; and Ron Doe, the Supervisor of the Offender Registry of the ACIC, Little Rock, Arkansas.

According to Setzke, on December 13, 2004, he was granted parole from the Arkansas Department of Correction and was being released from the Grimes Unit. However, before he could be released, he was told by some lady in the front office that he would have to sign some papers to register as a sex offender. Setzke alleges he protested because the charge she was referring to had occurred in Illinois in the beginning of 1981 and he maintained there was no requirement that he register in Arkansas. Further, Setzke indicates he stated that the Arkansas laws did not apply to him.

In response, Setzke states he was informed that he would not be released if he did not sign the papers. Setzke alleges he was told the papers were to register but if his court disposition said he didn't have to register he had nothing to worry about. A year or so later, Setzke maintains his daughter was looking on the computer and found his picture on there and it said it was a ten year update. As a result of his being a registered sex offender, Setzke alleges he lost custody of his daughter and suffered in various other ways.

## Discussion

It is clear that venue is not proper in this district. In § 1983 cases, venue is determined by reference to the general venue statute, 28 U.S.C. § 1391. Under section 1391 (b) venue is proper in civil rights actions in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

The Grimes Unit is in Newport, Arkansas. Newport is in Jackson County. Jackson County is within the Eastern District of Arkansas. Pine Bluff is located in Jefferson County.

-2-

AO72A
(Rev. 8/82)

Jefferson County is within the Eastern District of Arkansas. The ACIC is located in Little Rock, Arkansas. Little Rock is in Pulaski County which is within the Eastern District of Arkansas.

Under 28 U.S.C. § 1406(a), this court may transfer this case to a district in which this case could have been brought. The case should have been brought in the Eastern District of Arkansas as that is the district where the defendants reside and in which the events occurred. Therefore, it appears the interests of justice would best be served by transferring this case to the Eastern District of Arkansas.

## Conclusion

I therefore recommend that this case be transferred to the Eastern District of Arkansas. 28 U.S.C. § 1406(a).

**Setzke has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Setzke is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of November 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)