IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAYMOND SETZKE            PLAINTIFF

v.           Civil No. 07-5186

LARRY NORRIS, Director, Arkansas
Department of Correction; WARDEN,
GRIMES UNIT, Arkansas Department
of Correction; JANE DOE, Working Release in
2004, in the Grimes Unit; ARKANSAS
CRIME INFORMATION CENTER (ACIC);
RON DOE, Supervisor, Offender Registry, ACIC           DEFENDANTS

### ORDER

Plaintiff, Raymond Setzke, currently an inmate in the Arkansas Department of Correction (ADC), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.* Setzke names as defendants the following: Larry Norris, the Director of the Arkansas Department of Correction, Pine Bluff, Arkansas; the individual who was the Warden of the Grimes Unit of the Arkansas Department of Correction in Newport, Arkansas, in 2004; Jane Doe, an unknown woman working in the front office of the Grimes Unit of the Arkansas Department of Correction in 2004; the Arkansas Crime Information Center (ACIC), Little Rock, Arkansas; and Ron Doe, the Supervisor of the Offender Registry of the ACIC, Little Rock, Arkansas.

According to Setzke, on December 13, 2004, he was granted parole from the Arkansas Department of Correction and was being released from the Grimes Unit. However, before he could be released, he was told by some lady in the front office that he would have to sign some

papers to register as a sex offender. Setzke alleges he protested because the charge she was referring to had occurred in Illinois in the beginning of 1981 and he maintained there was no requirement that he register in Arkansas. Further, Setzke indicates he stated that the Arkansas laws did not apply to him.

In response, Setzke states he was informed that he would not be released if he did not sign the papers. Setzke alleges he was told the papers were to register but if his court disposition said he didn't have to register he had nothing to worry about. A year or so later, Setzke maintains his daughter was looking on the computer and found his picture on there and it said it was a ten year update. As a result of his being a registered sex offender, Setzke alleges he lost custody of his daughter and suffered in various other ways.

Currently before me for decision are the following motions filed by the plaintiff: (1) a motion for leave for an extension of time (Doc. 2); (2) a motion to amend or correct the complaint (Doc. 4); (3) a motion for an order of removal of sex offender classification (Doc. 5); (4) a motion for review of the Arkansas Crime Information Center (ACIC) website (Doc. 7); (5) a motion to amend or correct the complaint (Doc. 8); (6) a motion for relief (Doc. 11); (7) a motion for appointment of counsel (Doc. 17); (8) a motion to compel (Doc. 18); (9) a motion to amend or correct the complaint (Doc. 19); (10) a motion to compel (Doc. 22); (11) a motion to amend or correct the complaint (Doc. 23); (12) a motion to amend or correct the complaint (Doc. 24); (13) a motion for relief (Doc. 25); (14) a motion for order (Doc. 26); (15) a motion to amend or correct the complaint (Doc. 27); (16) a motion to amend or correct the complaint (Doc. 28); (17) a motion to compel service; and (18) a motion for order of protection or restraining order (Doc. 30). I will address each motion in turn.

*Motion for Extension of Time (Doc. 2)*

In this motion, plaintiff asks that the court delay serving the defendants until after mid-March of 2008 when he has made parole. **The motion for is denied (Doc. 2) as moot.** The court notes plaintiff has now advised the court that he has made parole and has asked that service be directed on the defendants (Doc. 29).

*Motions to Amend or Correct the Complaint (Doc. 4, Doc. 8, Doc. 19, Doc. 23, Doc. 24, Doc. 27, Doc. 28)*

**In his first motion to amend the complaint (Doc. 4)**, plaintiff seeks to add as defendants Sheriff Keith Ferguson, Deputy Spree, Deputy Jensen, Captain Petray and a Lieutenant John Doe identified later by the plaintiff as Lt. Carter. He maintains they are retaliating against him in a variety of ways because he filed a civil rights lawsuit against various individuals at the Benton County Detention Center, *Setzke v. Ferguson, et al.,* Civil No. 07-5185. Among other things, he maintains he has been isolated from other inmates, not let out for recreation, classified as a registered sex offender although the registration law does not apply to him, not transported to the ADC, and his legal mail has been opened.

**The motion (Doc. 4) is granted. The clerk is directed to file the motion to amend as the amended or supplemental complaint. The clerk is directed to add Sheriff Keith Ferguson, Deputy Spree, Deputy Jensen, Captain Petray, and Lieutenant Carter as defendants.**

**In his second motion to amend or correct his complaint (Doc. 8)**, contends Deputies Dowdle, Richie, Thompson, Ahendresky, McDaniels, Spree, Heard, Collins, unknown deputies from first shift, an unknown female deputy from second shift, Lt. Carter, and Sgt. Vaughn, all

conspired to deprive him of his Due Process rights and have him classified as a registered sex offender despite the fact that the sex offender registry laws do not apply to him. He maintains at the BCDC he is kept isolated in his cell and sent to recreation by himself although he is confined on a parole violation on a theft charge.

Plaintiff alleges that the Warrenville Illinois Police Department in March or April of 2006 responded to a call from the Department of Children and Family Services and went to the school and picked up his daughter. Plaintiff alleges his parole officer made it look to the Warrenville Police Department as if he were a current registered sex offender when all of the time the Arkansas registration was erroneously based on the twenty-eight year old Illinois conviction.

Plaintiff seeks to add as defendants Mark Bernthal and Leanne Baker, his parole officers and their supervisor, at the Benton County Department of Community Corrections. Setzke alleges Bernthal and Baker knew he should not be listed on the ACIC as a registered sex offender because they knew that Arkansas' law did not apply to Setzke.

Plaintiff also seeks to add a Double Jeopardy claim. He maintains that due to their requiring him to register as a sex offender, and their failure to correct his registration as an offender, he has been subjected to Double Jeopardy and denied protection from harm.

**The motion to amend (Doc. 8) is granted in part and denied in part**. Specifically, the motion is granted to the extent it seeks to add Mark Bernthal, Leanne Baker, and their Area Manager or Supervisor at the Benton County Department of Community Corrections as defendants and a Double Jeopardy claim. In all other respects, the motion to amend is denied. The remaining Benton County defendants Setzke seeks to add as defendants were not personally

involved in registering Setzke on the sexual offender database or assigning him to a given housing unit at the BCDC. Instead, Setzke is simply attempting to name them as defendants because they were deputies involved in the daily routines of the jail.

**The clerk is directed to add Mark Bernthal, Leanne Baker, and the Area Manager or Supervisor at the Area 1–Bentonville Office of the Department of Community Corrections as defendants. The clerk is also directed to file the motion to amend or correct (Doc. 8) as an amended or supplemental complaint.**

**In his third motion to amend the complaint (Doc. 19),** plaintiff maintains that because the ADC and ACIC put him on the Internet as registered sex offender when he is released he will be subjected to serious risk of harm of being assaulted, ridiculed, or even killed. He maintains all of the defendants have failed to take action to correct this injustice although they knew he was wrongfully registered as a sex offender. He states he was placed on protective custody in Benton County but would not have needed protective custody except for being labeled a sex offender.

**The motion to amend (Doc. 19) is granted**. **The clerk is directed to file the motion as an amended or supplemental complaint.**

**In his fourth motion to amend or correct the complaint (Doc. 23)**, plaintiff states that he has now been moved to the ADC and desires to add more BCDC defendants. In his proposed amended complaint he asserts that from November 9, 2007, to December 21, 2007, first, second, and third shift deputies working E-102 pod at the BCDC violated his rights by placing him in protective custody without him having requested it, by classifying him as a registered sex offender although they knew that this classification was based on a twenty-eight year old conviction in Illinois, and by failing to correct his classification. Setzke maintains he explained

-5-

to jail staff the classification was erroneous. Setzke maintains defendants' actions violated his Due Process rights and the Double Jeopardy Clause.

**The motion to amend or correct the complaint (Doc. 23) is denied.** Setzke seeks to add as defendants all deputies working first, second or third shifts in E-102 between November 9, 2007, and December 21, 2007. These deputies were not personally involved in registering Setzke on the sexual offender database or assigning him to a given housing unit at the BCDC. Instead, Setzke is simply attempting to name them as defendants because they were deputies involved in the daily routines of the jail.

**In plaintiff's fifth motion to amend or correct the complaint (Doc. 24),** Setzke states his parole officers have changed his discharge date from May 10, 2009, to May 10, 2011. Setzke states he was told by Mark Bernthal on September 24, 2007, that his discharge date would stay the same, May 10, 2009, if he signed the waiver of hearing rights, but then once he signed it his discharge date changed to May 10, 2011. By failing to issue a warrant for Setzke's arrest until April 23, 2007, Setzke contends Bernthal's condoned Setzke's being in Illinois. Further, Setzke maintains Bernthal has done nothing to correct the registry problem so Setzke would be eligible to parole to transitional housing.

**The motion to amend the complaint (Doc. 24) is denied.** This proposed amendment involves the parole officer's alleged actions in connection with the preparation of a violation report and the issuance of court process and documents in connection with the same. Parole officers are absolutely immune from suits challenging conduct intimately associated with the criminal judicial process. *Copus v. City of Edgerton,* 151 F.3d 646, 649 (7th Cir. 1998) (probation officers); *Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are

AO72A
(Rev. 8/82)

entitled to absolute immunity with respect to the preparation of parole revocation reports); *Evans v. Dillahunty,* 711 F.2d 828, 831 (8th Cir. 1983)("parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity.).

**In his sixth motion to amend or correct the complaint (Doc. 27)**, plaintiff states he seeks to add defendants and "changes." **The motion to amend (Doc. 27) is denied.** The proposed amended complaint appears to be nothing more than a restatement of the allegations already contained in the prior amended complaints. While plaintiff does mention some additional individuals including Deputies Dowdle, Richie, Thompson, Ahendresky, McDaniels, Collins, Heard, an unknown female deputy on second shift on November 6, 2007, unknown deputies on first shift on November 7, 2007, an unknown female deputy on first shift on November 8, 2007, and Sergeant Vaughn, he does not allege that any of these individuals were personally responsible for classifying him as a sex offender or assigning him to a particular housing unit at the BCDC. Instead, he merely alleges he protested his classification and his housing unit and they failed to take corrective action.

**In his seventh motion to amend or correct the complaint (Doc. 28),** plaintiff seeks to amend the complaint to assert a claim that application of the Sex Offender Registry to him is unconstitutional because his conviction occurred twenty-eight years ago in Illinois. He maintains this retroactive application violates his constitutional rights. Furthermore, he maintains placing his name on the Internet where it is broadcast violates his rights.

**The motion to amend (Doc. 28) is granted. The clerk is directed to file the motion to amend as a amended or supplemental complaint.**

*Motion for Order of Removal of Sex Offender Classification (Doc. 5)*

Plaintiff asks that he be removed from the registered sex offender list and that the Benton County Detention Center be ordered to not classify him as a registered sex offender. **The motion (Doc. 5) is denied.** Until plaintiff prevails on the merits in this case or establishes a likelihood of success on the merits, he is entitled to no relief against the defendants.

*Motion to Review ACIC website (Doc. 7)*

The plaintiff asks that the court review the Arkansas Crime Information Center (ACIC) website information on him. Plaintiff also wants "what the law reads on this site."

**The motion (Doc. 7) is denied.** The plaintiff may obtain access to this information through discovery. Plaintiff may request the production of these documents through Federal Rule of Civil Procedure 34. As will be seen below, the court is directing service of the complaint.

*Motion for Relief (Doc. 11)*

In this motion, entitled a motion to compel, plaintiff contends his legal mail is not opened in front of him. In fact, he contends it is read and then given to him. Plaintiff contends the BCDC is not the proper place for him due to his pending cases. Additionally, he believes he is not getting adequate legal supplies, adequate access to the library, and responses to his requests sometimes take two weeks.

Plaintiff requests that the BCDC be ordered to provide him proper supplies, access to the library, and to cease reading his legal mail. Further, he asks the court to order the ADC to promptly transport him back to prison.

**The motion (Doc. 11) is denied as moot**. The court notes plaintiff has been transported to a unit of the ADC and is no longer housed in the BCDC.

### *Motion for Appointment of Counsel (Doc. 17)*

Plaintiff requests the appointment of counsel because he states he lacks the knowledge to pursue this matter diligently. He also maintains he should be appointed counsel because of the possible criminal intent of the defendants.

In *Mallard v. United States District Court*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be appointed if the district court determines it is necessary." *Id.*

The standard used in determining the necessity of appointing counsel is whether both the litigant and the court would benefit from the assistance of counsel. *Id.* "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (quoting, *Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). See also *Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

After review of the file, it does not appear that either the facts or the claims are so complex that plaintiff will be unable to adequately present his claims. Thus far, plaintiff has been able to adequately set forth his claims. Furthermore, plaintiff has demonstrated an ability to represent himself and diligently pursue the case and file motions on his own behalf. We note he has filed a variety of motions including motions seeking various types of relief, motions to add defendants, for review of the ACIC website, to amend the complaint, etc. From what is currently before the court, it appears the plaintiff will be able to adequately investigate and present his case. **The motion for appointment of counsel (Doc. 17) is denied.**

*Motion to Compel (Doc. 18)*

Although entitled a motion to compel, plaintiff actually appears to be attempting to amend his complaint to be asserting a claim that his registration as a sex offender in Arkansas also violated the Double Jeopardy Clause of the United States Constitution. He maintains his punishment for theft and theft by receiving was being forced to register upon release from the ADC as a sex offender. He states his Arkansas parole violation report now states he is a registered sex offender from Illinois while law enforcement in Illinois tells him he is a current registered sex offender in Arkansas. He states the punishment does not fit the crime of theft and theft by receiving.

**The motion to compel (Doc. 18) is denied.** The motion is duplicative of a motion to amend or correct the complaint filed by the plaintiff.

*Motion to Compel (Doc. 22)*

-10-

In this motion, plaintiff states the defendants in the past have shown an unwillingness to turn over all requested documents to the plaintiff. Plaintiff states that if he is to prove his allegations of excessive force and failure to train, he needs all requested documents.

**The motion (Doc. 22) is denied.** It appears plaintiff has put the wrong case number on this document. This case does not involve an excessive force claim. Moreover, the court notes that in the caption of the case on this document, plaintiff has listed Steve Whitmill as a defendant. Thus, the court believes plaintiff is referring to case number 07-5176.

*Motion for Relief (Doc. 25)*

In this motion, actually entitled a motion to compel, plaintiff asks the court to order the ADC, to provide him with adequate time to work in the law library, legal supplies and "information to case law." He also asks the court to order the ADC to discontinue the inmate library worker who has a "bad attitude" and thinks "he is a know it all."

**The motion (Doc. 25) is denied.** Absent extraordinary circumstances, this court will not interfere with the workings of the ADC. Plaintiff has access to the law library although apparently not for the length of time he would like. Plaintiff has also been able to communicate with the court as is exhibited by the motions he has filed in this case and in his other cases pending in this court. Plaintiff has access to writing materials, envelopes, and postage.

*Motion for Order to Delay Service (Doc. 26)*

Plaintiff asks that the court delay service until after he goes before the Parole Board on March 20th. He states that he will receive his results from the Parole Board on April 1, 2008. Plaintiff asks that the court delay service sixty days passed the date of his parole hearing. If his parole is denied, plaintiff states he will inform the court of the decision.

**The motion (Doc. 26) is denied as moot.** Plaintiff has advised the court in another motion (Doc. 29) that he has now made parole and that he desires the court to serve the defendants.

*Order of Service*

The **clerk is hereby directed to make the following notations on the docket sheet: Mr. Charles Pruitt is the Director of the Arkansas Crime Information Center (ACIC); Ms. Paula Stitz is the manager of the State Sex Offender Registry of the ACIC; and Mr. John Maples is the Warden of the Grimes Unit of the Arkansas Department of Correction.**

The court, having heretofore entered an order allowing the plaintiff to proceed *in forma pauperis* and directing the clerk to file the complaint, hereby directs the United States Marshal to serve the following individuals: **(1) Sheriff Keith Ferguson; (2) Deputy Spree; (3) Deputy Jensen; (4) Captain Petray; (5) Lt. Carter; (6) Mark Bernthal; (7) Leanne Baker; (8) the Area Manager or Supervisor of Mark Bernthal and Leanne Baker at the Area 1 Bentonville Office of the Department of Community Corrections; (9) Larry Norris, Director, the Arkansas Department of Correction; (10) Warden John Maples, Grimes Unit, Arkansas Department of Correction; (11) Mr. Charles Pruitt, the Director of the Arkansas Crime Information Center; and (12) Ms. Paula Stitz, the Manager of the State Sex Offender Registry of the Arkansas Crime Information Center**.

Sheriff Ferguson, Deputy Spree, Deputy Jensen and Captain Petray and Lt. Carter may be served at the Benton County Detention Center, 1300 S.W. 14th St., Bentonville, AR 72712. The Defendants Mark Bernthal, Leanne Baker, and the Area Manager or Supervisor of Mark Bernthal and Leanne Baker, Area 1, Bentonville Office may be served **in care of** the Arkansas

AO72A
(Rev. 8/82)

Board of Correction and Community Punishment Compliance Division, P.O. Box 20550, Pine Bluff, AR  71612-0550.

Mr. Charles Pruitt, Director of the Arkansas Crime Information Center, and Ms. Paula Stitz, Manager of the State Sex Offender Registry, may be served at One Capitol Mall, Little Rock, AR  72201.  The United States Marshal should also serve copies of the summons issued to Mr. Charles Pruitt and Ms. Stitz and of the complaint on the Arkansas State Attorney General Dustin McDaniel, 323 Center Street, Suite 200, Little Rock, AR  72201.

Defendants are to be served without prepayment of fees and costs or security therefor. The defendants are ordered to answer within twenty (20) days from the date of service.

**When Warden Maples responds to the complaint, he is directed to identify for the court the female working "in the front office" processing release papers at the Grimes Unit.  Specifically, this female worker is alleged to have processed Raymond Setzke's papers in November or December of 2004 and to have required him to complete papers to register as a sex offender.**

*Motion to Compel Service (Doc. 29)*

Plaintiff states he has now made parole and he requests that defendants be served.  **The motion (Doc. 29) is granted.**  As set forth above, the court will direct service on the defendants specified.

*Motion for Order of Protection and/or Restraining Order (Doc. 30)*

In this motion, Plaintiff states that he is in fear of his welfare from past threats "which show capability of the defendants."  He asks that any contact with the defendants and their entities be done through their attorneys.  He notes that he requested a restraining order in an old

-13-

case Civil No. 04-5046 and it was denied. He maintains this denial gave the "green light" to those who worked for "entities like Officer Caya of the Johnson Police who threatened" him on February 22, 2005, on a desolate driveway. Plaintiff notes that he is paroling.

**The motion is denied (Doc. 30).** The court is just today directing service on the defendants. The plaintiff does not indicate that any of named defendants, or any of the individuals he seeks to add as defendants, have threatened him in anyway. Rather, plaintiff merely asks the court to presume because of an alleged threat made by a Johnson Police Officer in 2005 that he is in danger from the defendants in this case. There is simply no indication the plaintiff is in need of protection from the defendants.

DATED this 30th day of April 2008.

/s/ *J. Marschewski*
    HON. JAMES R. MARSCHEWSKI
    UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)