```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

RAYMOND SETZKE                                               PLAINTIFF

     v.   Civil No. 07-5186

LARRY NORRIS, Director, Arkansas Department
of Correction; JOHN MAPLES, Warden of the
Grimes Unit, Arkansas Department of Correction;
LINDA GATES, Records Supervisor, Grimes Unit;
CHARLES PRUITT, Director of the Arkansas Crime
Information Center (ACIC); PAULA STITZ, Manager,
State Sex Offender Registry of the ACIC;
SHERIFF KEITH FERGUSON, Benton County,
Arkansas; DEPUTY FREE; DEPUTY JENSEN;
CAPTAIN PETRAY; LT. CARTER; MARK BERNTHAL;
LEANNE BAKER; AREA MANAGER OR SUPERVISOR
at the Area 1 Bentonville Office of the
Department of Community Corrections                          DEFENDANTS

## **ORDER**

Now on this 17th day of March, 2009, comes on for consideration the **Report and Recommendation** (R&R) issued by the Honorable James Marschewski, United States Magistrate Judge for the Western District of Arkansas (Doc. #149) concerning the following motions:

 * plaintiff's motions for summary judgment (Doc. #36, #66 and #98 -- hereinafter called "Plaintiff's Motions);

 * the motion for summary judgment filed by the Area Manager or Supervisor, Leanne Baker, Mark Bernthal, Charles Pruitt, and Paula Stitz (Doc. #74 -- hereinafter called "Defendants' #74 Motion"); and

 * the motion for summary judgment filed by Grimes

>       Unit Records Supervisor Linda Gates, Grimes Unit Warden
>       John Maples, and Arkansas Department of Correction
>       Director Larry Norris (Doc. #95 -- hereinafter called
>       "Defendants' #95 Motion")

and the Court, being well and sufficiently advised, finds and orders as follows with respect to the same:

    1.  Plaintiff filed objections (Doc. #150) to the R&R; ADC and the State Defendants also filed objections (Doc #152) to the R&R; and plaintiff filed a Reply to Defendants' Objection (Doc. #160) to the R&R.

    2.  The Court, having considered the R&R and the filings of the parties, finds and orders as follows:

    (a)  <u>Recommendations concerning **Plaintiff's Motion**</u> -- The Magistrate Judge recommended in the R&R that **Plaintiff's Motions** should be **granted in part, and denied in part**.

After review, the Court finds that defendants' objections to these recommendations should be, and they hereby are, overruled. Accordingly, **Plaintiffs' Motions** should be, and they hereby are:

>       \*  **granted** as to his due process claim -- in that the
>       Court concludes that plaintiff's right to procedural due
>       process was violated when he was placed on the Arkansas Sex
>       Offender Registry without being afforded an opportunity to
>       contest the Act's application to his 1981 conviction in
>       Illinois; and

  \* **denied** in all other respects.

 (b) <u>Recommendations concerning **Defendants' #74 Motion**</u> -- The Magistrate Judge recommended in the R&R that the motion for summary judgment filed by the Area Manager or Supervisor, Leanne Baker, Mark Bernthal, Charles Pruitt, and Paula Stitz – **Defendants' #74 Motion** -- should be **denied in part, and granted in part.**

 After review, the Court finds that plaintiff's objections to these recommendations should be, and they hereby are, overruled. Accordingly, **Defendants' #74 Motion** should be, and it hereby is:

  \* **granted** with respect to plaintiff's claims that his rights to substantive due process, equal protection, double jeopardy and his rights under the *Ex Post Facto Clause* were violated; and

  \* **denied** with respect to plaintiff's claim that his right to procedural due process was violated.

 (c) <u>Recommendations concerning **Defendants' #95 Motion**</u> -- The Magistrate Judge recommended in the R&R that the motion for summary judgment (**Doc. 95**) filed by Grimes Unit Records Supervisor Linda Gates, Grimes Unit Warden John Maples, and Arkansas Department of Correction Director Larry Norris -- the **Defendants' #95 Motion** -- should be **granted in part and denied in part.**

 After review, the Court finds that plaintiff's objections to these recommendations should be, and they hereby are, overruled.

Accordingly, **Defendants' #95 Motion** should be, and it hereby is:

* **granted** with respect to plaintiff's claims for monetary damages against these defendants in their official capacities -- such damages are barred by the doctrine of sovereign immunity under the Eleventh Amendment; and

* **granted** with respect to plaintiff's claims that his rights to substantive due process, equal protection, double jeopardy and his rights under the *Ex Post Facto Clause* were violated; and

* **denied** in all other respects.

3. This matter is referred back to Magistrate Judge Marschewski for further action as may be necessary in light of the foregoing.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE